JAN 26 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:                                              )
                                                    )
SUBPOENAS FOR DOCUMENTS ISSUED TO                   )  Misc. Action No. 3:16mc001
THOMPSONMcMULLAN, P.C.                              )
                                                    )
                                                    )

## NON-PARTY THOMPSONMcMULLAN, P.C.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH SUBPOENAS FOR DOCUMENTS

*Thompson*McMullan, P.C. ("TM"), by counsel, respectfully moves this court for entry of an order quashing the subpoenas for documents issued by counsel for Bona Fide Conglomerate, Inc. ("Bona Fide") in the matter *Bona Fide Conglomerate, Inc. v. SourceAmerica*, Civil Action No. 14cv0751, pending in the United States District Court for the Southern District of California (the "Underlying California Litigation"). True and accurate copies of the subpoenas are attached hereto as **Exhibit A**.

### Factual Summary

TM was defense counsel to Jean M. Robinson ("Ms. Robinson") in a legal malpractice lawsuit brought by her former employer, SourceAmerica, in Fairfax County Circuit Court. The style of the case was *SourceAmerica v. Jean M. Robinson*, Case No. CL-2014-15501 (the "*Robinson* Matter"). On or about September 11, 2015, Ms. Robinson and SourceAmerica settled the *Robinson* Matter, and the case was dismissed.

On December 29, 2015, a process server delivered to TM a subpoena (the "First Subpoena") commanding the production of the following:

(i) documents and communications related to case number CL-2015-13033 filed in the Circuit Court of Fairfax County, Virginia;

(ii) written agreements between Ms. Robinson and SourceAmerica in which the parties agreed to settle claims related to case number CL-2015-13033;

(iii) communications to which SourceAmerica is a party in TM's custody or control;

(iv) all communications between TM and SourceAmerica;

(v) communications to which SourceAmerica and Ms. Robinson are a party in TM's custody and control;

(vi) all pleadings, discovery responses and deposition transcripts in case number CL-2015-13033; and

(vii) documents or communications reflecting Ms. Robinson's current residential address.

TM did not represent Ms. Robinson in any litigation with case number CL-2015-13033, and, therefore, has no documents responsive to the First Subpoena.

On January 4, 2016, a process server delivered to TM a second subpoena (the "Second Subpoena") commanding the production of each category of documents listed in the First Subpoena, with the addition of documents and communications related to the *Robinson* Matter. (Collectively, the First Subpoena and the Second Subpoena are referred to as "the Subpoenas")

On January 12, 2016, TM served written objections to the Subpoenas on Bona Fide in accordance with Fed. R. Civ. P. 45(d)(2)(B). A true and accurate copy of TM's written objections to producing the requested documents is attached hereto as **Exhibit B**.

In accordance with Local Civil Rule 37(E), the undersigned counsel for TM spoke with counsel for Bona Fide and SourceAmerica in an attempt to resolve this matter without court intervention, but was unable to do so. That telephone conversation took place on January 15, 2016 at approximately 1:30 p.m. EST. Counsel for Bona Fide refused to withdraw the Subpoenas – despite the fact that TM conveyed its concerns regarding client confidentiality,

attorney-client privilege, attorney work product and undue burden and expense on TM resulting from compliance.

In an effort to reach an agreement regarding the requested documents, TM agreed to produce the pleadings filed with the court in the *Robinson* Matter.

TM understands that counsel for SourceAmerica is filing a Motion to Quash the Subpoenas in the Underlying California Litigation, which will mirror many of TM's objections and concerns regarding relevance, undue burden and expense, privilege and confidentiality.

### Argument

A.   **Legal Standard.**

The Federal Rules of Civil Procedure provide that a court shall quash or modify a subpoena if it requires disclosure of privileged or other protected information, or subjects a person to undue burden or expense. Fed. R. Civ. P. 45(d)(3)(A). Furthermore, a district court must quash or modify a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Although Rule 45(d) sets forth additional grounds on which a subpoena against a third party may be quashed, taking into consideration facts peculiar to their status as a non-party, those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26(b)(1). *See Cook v. Howard*, No. 11-1601, 484 F. App'x. 805, 812 (4th Cir. Aug. 24, 2012). Parties may obtain discovery regarding "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

District courts are afforded broad discretion with respect to discovery generally, and motions to quash subpoenas specifically. *See Cook*, 484 F. App'x. at 812.

### B. Grounds for Quashing the Subpoenas.

This Court should quash the Subpoenas because: (i) they would subject TM to undue burden and expense; (ii) they seek confidential and irrelevant information; and (iii) they seek attorney-client privileged information. While TM has significant concerns related to the Subpoenas and the documents requested therein, TM will fully comply with the court's directives regarding the production of the requested information.

#### 1. The Subpoenas should be quashed because they will subject TM to an undue burden and expense.

The production of non-privileged communications and correspondence related to the *Robinson* Matter, including non-privileged communications between TM and SourceAmerica, will require the collection and review of potentially hundreds if not thousands of e-mails each working day over a nearly eight-month period. More importantly, there are hundreds of attorney-client privileged, attorney work product and other confidential e-mails intermixed with potentially responsive e-mails. TM will have to carefully review every potentially responsive e-mail on its e-mail server to ensure that all privileged and confidential communications are appropriately withheld.

Given the volume of communications at issue, this privilege review will be very time intensive and tedious. TM will likely need to assign multiple attorneys to this privilege review project. We estimate that the privilege review will take approximately two weeks, perhaps longer. This will result in TM incurring significant professional, paralegal and clerical expenses.

In addition, TM may need to hire an independent e-discovery vendor to assist with the review and production. This will require TM to devote further financial resources to this production, in addition to the time of its attorneys for the privilege review.

Rule 45(d)(3)(A) requires the court for the district where compliance is required to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "This ground encompasses situations where the subpoena seeks information irrelevant to the case or that would require a non-party to incur excessive expenditure of time or money . . . ." *See Cook v. Howard*, No. 11-1601, 484 F. App'x. 805, 812, n.7 (4th Cir. Aug. 24, 2012). As discussed below, the Subpoenas seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

By the same token, Bona Fide has access to the requested information from another source: a party in the underlying lawsuit – SourceAmerica. SourceAmerica has each and every non-privileged communication requested in the Subpoenas. It would seem that the most efficient and least burdensome method of obtaining these communications would be through discovery in the underlying lawsuit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (stating that a court must limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, *or can be obtained from some other source that is more convenient, less burdensome or less expensive*) (emphasis added).

In the alternative, TM should be awarded reasonable reimbursement for costs incurred by TM's compliance with the Subpoenas, including payment for an attorney-client privilege review performed by TM attorneys. This will include the attorney time associated with a privilege review of hundreds if not thousands of e-mails. "[A] party, who subpoenas an attorney in order to get documents rather than the actual owner, incurs substantial risk that the Court will grant

reimbursement costs." *Angell v. Kelly*, 234 F.R.D. 135, 140 n.1 (M.D.N.C. 2006). Compliance will require a comprehensive privilege review with multiple attorneys devoting significant time and effort to the project. *See id.* at 137 (recognizing that non-party law firms can be compensated for work performed by attorneys in conducting privilege review of documents for purposes of production in conjunction with complying with a subpoena).

  2. <u>The Subpoenas should be quashed because they seek confidential and irrelevant information.</u>

None of the requested documents are relevant to any claims or defenses in the Underlying California Litigation. The Fourth Circuit has stated that relevance is the foundation for any request for production, regardless of the individual to whom a request is made. *See Cook v. Howard*, No. 11-1601, 484 F. App'x. 805, 812 (4th Cir. Aug. 24, 2012). The fact that TM is not a party to the Underlying California Litigation does not make relevance of the materials requested an inappropriate factor for the court to consider. *See id.* (discussing factors to be considered in discovery against third parties, including relevance).

It is difficult to imagine how communications between TM and SourceAmerica in a previously settled legal malpractice action relate to the Underlying California Litigation between Bona Fide and SourceAmerica. On the contrary, the Subpoenas seem to be nothing more than a costly fishing expedition, particularly from the standpoint of non-party TM.

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case, considering . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit*." *See* Fed. R. Civ. P. 26(b)(1) (emphasis added).

Compliance with the Subpoenas will pose a significant financial burden on TM. On the contrary, Bona Fide can obtain the requested documents directly from SourceAmerica in the Underlying California Litigation. Clearly, the burden and expense of the proposed discovery outweighs its likely benefit.

Request No. 2 in the Subpoenas seeks "[a]ny and all written agreements between Jean Robinson and SourceAmerica, whereby one or both parties, in whole or in part, agreed to settle claims related to case numbers CL-2015-13033 or CL-2014-15501 filed in the Circuit Court of Fairfax County, Virginia." This request targets the written settlement agreement between SourceAmerica and Ms. Robinson in the *Robinson* Matter. The settlement agreement contains a mutual confidentiality provision. TM objects to the production of the settlement agreement on the basis that it's a confidential document. To the extent the Court determines that this settlement agreement should be produced, TM will comply with such court order.

3. <u>The Subpoenas should be quashed because they seek privileged information.</u>

Finally, TM is concerned that the communications Bona Fide requested contain attorney-client privileged communications or other protected matter. Rule 45(d)(3)(A) requires the court for the district where compliance is required to quash a subpoena that "requires disclosure of privileged or other protected matter . . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii). While the Subpoenas indicate that Bona Fide is requesting "non-privileged" communications, the task of performing a privilege review of hundreds if not thousands of e-mails, constructing an appropriate privilege log, and ultimately producing relevant, non-privileged communications is daunting.

Specifically, request No. 9 in the Subpoenas seeks "[a]ny non-privileged documents or communications that sufficiently show any and all of Jean Robinson's current residential address(es)." This request seeks protected privileged and/or confidential information in TM's

case file related to its former client, Ms. Robinson. To the extent Bona Fide declines to withdraw this specific request, it should be quashed.

Similarly, the Subpoenas should be quashed to the extent Bona Fide seeks protected attorney-client privileged communications, attorney work product or other attorney-client confidential material.

## Conclusion

The Subpoenas should be quash given the irrelevance of the requested communications to the underlying lawsuit, the undue burden and expense on TM that would result from compliance and the fact that Bona Fide already has access to the requested documents in the underlying lawsuit.

## Certificate of Compliance with Local Civil Rule 37(E)

Prior to filing this motion and consistent with Local Civil Rule 37(E), counsel for TM spoke with counsel for Bona Fide and SourceAmerica in an attempt to resolve this matter without court intervention, but was unable to do so. That conversation took place telephonically on January 15, 2016 at approximately 1:30 p.m. EST.

Respectfully submitted,

THOMPSONMcMULLAN, P.C.

By: _____
William W. Tunner (VSB #38358)
Neil S. Talegaonkar (VSB #44589)
William D. Prince, IV (VSB #77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
wtunner@t-mlaw.com
ntalegaonkar@t-mlaw.com
wprince@t-mlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2016, a true copy of the foregoing was sent via first class mail, postage prepaid, and e-mail to the following:

Daniel J. Cragg, Esq.
Eckland & Blando, LLP
10 S. 5th Street, Ste. 800
Minneapolis, MN 55402
Tel: 612-236-0160
Email: dcragg@ecklandblando.com
*Counsel for Bona Fide Conglomerate, Inc.*

Matthew P. Nugent, Esq.
Gordon & Rees
101 West Broadway, Suite 2000
San Diego, CA 92101
Tel: (619) 696-6700
Fax: (619) 696-7124
Email: mnugent@gordonrees.com
*Counsel for SourceAmerica*

William D. Prince, IV (VSB #77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
wprince@t-mlaw.com